## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **MARC TAYLOR**, <br><br> Plaintiff, <br><br> v. <br><br> **DETROIT FUEL HOLDING, LLC, MACK CONSUMER CENTER, LLC, HUSSEIN OBEID** and **OSSAMA OBEID**, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** <br><br> **JURY DEMAND** |

## COMPLAINT AND JURY DEMAND

Plaintiff MARC TAYLOR ("Plaintiff"), by and through his attorneys, hereby files this Complaint against Defendants DETROIT FUEL HOLDING, LLC; MACK CONSUMER CENTER, LLC; HUSSEIN OBEID and OSSAMA OBEID (hereinafter collectively referred to as "Defendants"), and states as follows:

## INTRODUCTION

1. This is a wage and hour action brought by Plaintiff against Defendants arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Michigan Workforce Opportunity Wage Act ("WOWA"), MCL 408.411 *et seq.*

2. Defendants' business consists of owning, operating and controlling Marathon and Mobil gasoline/convenience stores in Michigan.

1

3. During the applicable statute of limitations period, Defendants employed Plaintiff at two of their Marathon and Mobil gasoline/convenience stores to perform various non-managerial, nonexempt job duties, including cashier, janitorial services, propane distribution and customer service.

4. Throughout his employment with Defendants, Plaintiff regularly worked at least 65 to 70 hours per week but never received overtime pay. Instead, Defendants paid Plaintiff a fixed weekly salary, regardless of the number of hours that Plaintiff worked for Defendants during the workweek.

5. Throughout his employment with Defendants, Plaintiff's regular hourly rate of pay – calculated by taking his weekly wage and dividing by the number of hours worked by Plaintiff during the workweek – habitually fell below the federal and state minimum wage, even before accounting for unreimbursed mileage expenses incurred by Plaintiff for Defendants' benefit.

6. Defendants' unlawful pay practices operated to deny Plaintiff a minimum wage and overtime pay, and therefore, Plaintiff is entitled to recover his unpaid wages, an equal amount in liquidated damages, and reasonable attorneys' fees and costs.

## **JURISDICTION**

7. This Court has subject matter jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 because the claims raise a federal question under 29 U.S.C.

§ 201 *et seq.*

8. Additionally, this Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

9. This Court has supplemental jurisdiction over Plaintiff's WOWA claim under 28 U.S.C. § 1367(a) because the claim is so related to Plaintiff's FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

10. Defendants' annual sales exceed $500,000, and Defendants have more than two employees; thus, the FLSA applies in this case on an enterprise basis.

11. Defendants' employees engage in interstate commerce or in the production of goods for commerce; therefore, they are also covered by the FLSA on an individual basis.

12. This Court has personal jurisdiction over Defendants because each Defendant is incorporated in Michigan, resides in Michigan, and/or maintains its principal executive office in Michigan.

## VENUE

13. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b) because at least some of the Defendants reside in Wayne County, Michigan,

and Defendants employed Plaintiff in Wayne County, Michigan. Therefore, a substantial part of the events forming the basis of this suit (including implementation of the illegal pay practices alleged in this litigation) occurred in the Eastern District of Michigan.

## INTRADISTRICT ASSIGNMENT

14. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in Wayne County, Michigan; therefore, this action is properly assigned to the Southern Division.

## PARTIES

15. Plaintiff MARC TAYLOR was employed by Defendants from July 2014 to October 2019 at Defendants' Mobil gasoline/convenience store located at 12517 Mack Avenue, Detroit, Michigan 48215 and at Defendants' Marathon gasoline/convenience store located at 14845 Mack Avenue, Detroit, Michigan 48215.

16. Defendant DETROIT FUEL HOLDING, LLC is a Michigan limited liability company (Identification Number: 802397763). Its registered agent for service of process is Hussein Obeid, 12517 Mack Avenue, Detroit, Michigan 48215.

17. Defendant MACK CONSUMER CENTER, LLC is a Michigan limited liability company (Identification Number: 801793929). Its registered agent for service of process is Hussein Obeid, 14845 Mack Avenue, Detroit, Michigan 48215.

4

18. Defendant HUSSEIN OBEID is an individual who, upon information and belief, resides in Wayne County, Michigan. Upon information and belief, Defendant HUSSEIN OBEID owns, operates and/or controls, in whole or in part, the LLC Defendants named herein.

19. Defendant OSSAMA OBEID is an individual who, upon information and belief, resides in Wayne County, Michigan. Upon information and belief, Defendant OSSAMA OBEID owns, operates and/or controls, in whole or in part, the LLC Defendants named herein.

## GENERAL ALLEGATIONS

**A.   Defendants' Overtime Violations**

20. Under the FLSA and the WOWA, employees are entitled to compensation at a rate not less than one and one-half times the regular rate at which they are employed for work in excess of 40 hours in a workweek. 29 U.S.C. § 207(a)(1); MCL 408.414a.

21. Throughout his employment with Defendants, Plaintiff regularly worked at least 65 to 70 hours per week.

22. When Plaintiff worked over 40 hours in individual workweeks, Defendants did not pay Plaintiff overtime at one and one-half times the "regular rate" at which he was employed.

23. Instead, Defendants paid Plaintiff a fixed weekly salary, regardless of

the number of hours that Plaintiff worked for Defendants during the workweek.

24. Consequently, Defendants owe Plaintiff at least 25 to 30 hours of overtime pay per week, 29 U.S.C. § 207(a)(1), plus an additional equal amount in liquidated damages. 29 U.S.C. § 216(b).

**B.**     **Defendants' Minimum Wage Violations**

25. The FLSA establishes a minimum wage of $7.25 per hour. 29 U.S.C. § 206(a).

26. The Michigan minimum wage during the relevant time period was $8.90 per hour in 2017, $9.25 per hour in 2018, and $9.45 per hour in 2019. MCL 408.414.

27. Throughout his employment with Defendants, Plaintiff's regular hourly rate of pay – calculated by taking his weekly wage and dividing by the number of hours worked by Plaintiff during the workweek – habitually fell below the federal and state minimum wage, even before accounting for unreimbursed mileage expenses incurred by Plaintiff for Defendants' benefit.

28. Where, as here, an employee is subject to both the state and federal minimum wage laws, the employee is entitled to the higher of the two minimum wages.

29. Consequently, Defendants owe Plaintiff the difference between the applicable Michigan minimum wage and his regular hourly rate of pay for each hour

that Plaintiff worked for Defendants during the statute of limitations period, MCL 408.414, plus an additional equal amount in liquidated damages. MCL 408.419.

C. **Defendants Refused to Reimburse Plaintiff for Mileage Expenses Incurred by Plaintiff for Defendants' Benefit**

30. Under the FLSA and corresponding regulations, if an employee incurs expenses on the employer's behalf for the convenience of the employer, the employee is entitled to reimbursement to the extent his or her earnings would otherwise fall below the federal minimum wage. *See* 29 C.F.R. § 778.217.

31. Throughout his employment with Defendants, Plaintiff was regularly required to drive his own vehicle to and from Defendants' Marathon and Mobile gasoline/convenience stores in order to check prices or to pick up and drop off inventory or supplies.

32. Plaintiff was forced to use his own vehicle to drive to and from Defendants' Marathon and Mobile gasoline/convenience stores because Defendants did not provide a company vehicle for Plaintiff to use.

33. Defendants never reimbursed Plaintiff for the mileage expenses he incurred in using his own vehicle for company business, exacerbating the minimum wage violations alleged herein.

D. **Defendants Failed to Maintain Payroll Records for Plaintiff and Never Furnished Plaintiff with Wage Statements**

34. The FLSA and corresponding regulations provide that every covered

employer must keep certain records for each non-exempt worker. *See* 29 C.F.R. §§ 516.1 & 516.2. The FLSA and corresponding regulation require no particular form for the records, but do require that the records include certain identifying information about the employee and data about the hours worked and the wages earned. *Id*. The law requires this information to be accurate.

35. Under Michigan law, an employer "shall furnish each employee with a statement of the hours worked by the employee and of the wages paid to the employee, listing deductions made each pay period." MCL 408.417.

36. Defendants never furnished Plaintiff at the time of payment of wages a statement of the hours worked by Plaintiff, the gross wages paid, identification of the pay period for which payment is being made, or a separate itemization of deductions.

37. Additionally, Defendants failed to maintain payroll records for Plaintiff indicating Plaintiff's name, address, birth date, occupation or classification in which he was employed, total basic rate of pay, total hours worked in each pay period, total wages paid each pay period, a separate itemization of deductions, or a listing or itemization of fringe benefits.

38. Upon information and belief, Defendants failed to maintain *any* records indicating that they ever even employed Plaintiff, even though Plaintiff worked for Defendants for over five years.

### E.   Defendants Hussein Obeid and Ossama Obeid are Individually Liable for the Wage Violations Pleaded in this Complaint

39.  In order to evade compliance with state and federal wage and hour law and to shield themselves from personal liability, Defendants Hussein Obeid and Ossama Obeid operate a corporate shell game by creating separate corporate entities, each of which purportedly owns, operates and/or controls a single Marathon or Mobil gasoline/convenience store.

40.  In reality, the collective enterprise is a single, common enterprise that is owned, operated and/or controlled, in whole in part, by Defendants Hussein Obeid and Ossama Obeid.[1]

41.  Defendants Hussein Obeid and Ossama Obeid are individually liable for the wage violations pleaded in this Complaint.

42.  Corporate officers and supervisors may be personally liable for wage and hour violations under the FLSA if they have significant ownership interests, exercise day-to-day control of operations, or are involved in the supervision and payment of employees.

43.  Upon information and belief, Defendants Hussein Obeid and Ossama Obeid own, operate and/or control Defendant Detroit Fuel Holding, LLC. Upon

---

[1] Defendants Hussein Obeid and Ossama Obeid operate a similar corporate shell game with respect to their ownership, operation and/or control of various Subway restaurant franchises in Michigan.

information and belief, Defendant Detroit Fuel Holding, LLC owns, operates and/or controls the Mobil gasoline/convenience store located at 12517 Mack Avenue.

44. Upon information and belief, Defendants Hussein Obeid and Ossama Obeid own, operate and/or control Defendant Mack Consumer Center, LLC. Upon information and belief, Defendant Mack Consumer Center, LLC owns, operates and/or controls the Marathon gasoline/convenience store located at 14845 Mack Avenue.

45. Throughout Plaintiff's employment with Defendants, Defendants Hussein Obeid and Ossama Obeid exercised day-to-day control of the operations of the Marathon and Mobil gasoline/convenience stores where Plaintiff worked.

46. Throughout Plaintiff's employment with Defendants, Defendants Hussein Obeid and Ossama Obeid supervised Plaintiff and other employees.

47. Throughout Plaintiff's employment with Defendants, Defendants Hussein Obeid and Ossama Obeid set Plaintiff's work schedule and determined Plaintiff's compensation and the method in which he was paid.

48. Throughout Plaintiff's employment with Defendants, Defendants Hussein Obeid and Ossama Obeid hired and fired employees, exercised supervisory control over Plaintiff and other employees, and ran the day-to-day business operations of the Marathon and Mobile gasoline/convenience stores where Plaintiff worked.

49. Plaintiff worked for Defendants at two of their Marathon and Mobile gasoline/convenience stores but regularly drove to and from Defendants' other gasoline/convenience stores – in his own vehicle and at his own expense – in order to check prices or to pick up and drop off inventory or supplies, demonstrating the incestuous nature of Defendants' intermingled operations.

50. Defendants are a common enterprise and/or joint employers of Plaintiff, and therefore, Defendants are jointly responsible for the wage violations pleaded in this Complaint.

### F. **Plaintiff was a Nonexempt Employee Entitled to Minimum Wage and Overtime Pay**

51. Throughout his employment with Defendants, Plaintiff performed various non-managerial, nonexempt job duties, including cashier, janitorial services, propane distribution and customer service.

52. Plaintiff's job duties and responsibilities did not include the exercise of discretion or independent judgment with respect to matters of significance.

53. Plaintiff's job duties and responsibilities did not involve the management of the enterprise or any particular department, and Plaintiff did not direct the work of other employees.

54. Plaintiff did not have the authority to hire, fire or discipline employees.

55. Plaintiff was not involved in setting the management policies or general business operations of Defendants.

11

56. Plaintiff did not exercise the level of independent judgment, discretion, supervision or administrative control to be classified as an executive, professional or administrative employee under the FLSA, nor did he meet the annual compensation requirements to be classified as a highly compensated employee under the FLSA.

57. Plaintiff was not an independent contractor while working for Defendants.

58. Plaintiff did not own his own business while working for Defendants.

59. Plaintiff did not utilize his own tools or equipment while working for Defendants, with the exception of using his own vehicle to drive to and from Defendants' Marathon and Mobil gasoline/convenience stores in order to check prices or to pick up and drop off inventory or supplies.

60. Plaintiff did not share in Defendants' profits.

61. Throughout his employment with Defendants, Plaintiff did not work for any other employers.

62. Defendants never furnished Plaintiff with an IRS Form 1099.

63. Plaintiff was not free to set his own work schedule. Rather, Defendants controlled Plaintiff's work schedule, his compensation, the method in which he was paid, and the way that he performed his work.

64. Plaintiff's job duties and responsibilities did not require any special

training or skills.

65. Defendants Hussein Obeid and Ossama Obeid regularly warned Plaintiff that they would fire him if he refused to work a scheduled shift, demonstrating that Defendants themselves considered Plaintiff to be their employee, not an independent contractor.

### G. Defendants' Wage Violations Were Willful

66. Defendants' minimum wage and overtime violations described herein were willful.

67. Defendants knew or could have easily determined that Plaintiff regularly worked over 40 hours per workweek, and Defendants could have easily paid overtime wages to Plaintiff for the overtime hours that he worked, but Defendants deliberately chose not to.

68. Defendants knew or could have easily determined that Plaintiff's regular hourly rate of pay – calculated by taking his weekly wage and dividing by the number of hours worked by Plaintiff during the workweek – habitually fell below the federal and state minimum wage; and Defendants could have easily paid Plaintiff a minimum wage for each hour that he worked for Defendants, but Defendants deliberately chose not to.

69. Defendants knew or could have easily determined that Plaintiff's job duties and responsibilities did not fall within the ambit of any of the FLSA's

minimum wage or overtime exemptions, such as the executive, professional or administrative exemptions. Likewise, Defendants knew or could have easily determined that Plaintiff was their "employee" (not an independent contractor) as that term is defined under the FLSA and the WOWA. Nevertheless, Defendants regularly refused to pay Plaintiff a minimum wage and regularly suffered and permitted Plaintiff to work over 40 hours per week without paying Plaintiff overtime pay.

## COUNT I
## VIOLATION OF FLSA, 29 U.S.C. § 207
## FAILURE TO PAY OVERTIME WAGES

70. Plaintiff re-alleges and incorporates all previous paragraphs herein.

71. At all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

72. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

73. Plaintiff, by virtue of his job duties and activities actually performed, was a nonexempt employee.

74. Plaintiff either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

75. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of 29 U.S.C. § 203(g) of the FLSA.

76. Defendants violated the FLSA by failing to pay overtime to Plaintiff when he worked over 40 hours in individual workweeks.

77. Plaintiff was not exempt from overtime pay under the FLSA.

78. Plaintiff was directed by Defendants to work, and did work, over 40 hours in one or more individual workweeks.

79. Defendants paid Plaintiff a fixed weekly salary and no overtime pay.

80. In workweeks where Plaintiff worked over 40 hours, he should have been paid for such overtime work at the federally mandated rate of one and one-half times the "regular rate" at which he was employed, including bonuses, commissions, shift differentials and nondiscretionary incentive pay where applicable. 29 U.S.C. § 207.

81. Defendants' FLSA violations were knowing and willful. Defendants knew or could have easily determined that Plaintiff was not exempt from overtime pay, and Defendants could have easily accounted for and properly paid Plaintiff at the rate of one and one-half times the "regular rate" at which he was employed for his overtime hours, but Defendants deliberately chose not to.

82. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation

of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT II
## VIOLATION OF FLSA, 29 U.S.C. § 206
## FAILURE TO PAY MINIMUM WAGES

83. Plaintiff re-alleges and incorporates all previous paragraphs herein.

84. At all times material hereto, Plaintiff was covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

85. During the relevant time period, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with 29 U.S.C. § 206.

86. As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial in accordance with 29 U.S.C. § 216(b), liquidated damages in accordance with 29 U.S.C. § 216(b), and reimbursement of Plaintiff's reasonable attorneys' fees and expenses of litigation pursuant to 29 U.S.C. § 216(b).

## COUNT III
## VIOLATION OF THE MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT (WOWA), MCL 408.411 *et seq*.
## FAILURE TO PAY MINIMUM WAGES

87. Plaintiff re-alleges and incorporates all previous paragraphs herein.

88. At all times relevant to the action, Defendants were employers covered

by the mandates of the WOWA, and Plaintiff was an employee entitled to the WOWA's protections.

89. The WOWA, MCL 408.411 *et seq*., requires employers to pay their employees minimum wages and time-and-a-half their regular rate of pay for hours worked in excess of 40 per week. MCL 408.414; MCL 408.414a.

90. MCL 408.419 provides that if an employee is not paid in accordance with the WOWA, the employee may "[b]ring a civil action for the recovery of the difference between the amount paid and the amount that, but for the violation, would have been paid the employee under this act and an equal additional amount as liquidated damages together with costs and reasonable attorney fees as are allowed by the court."

91. Defendants violated the WOWA by (a) failing to pay Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with MCL 408.414, and (b) failing to pay Plaintiff one and one-half times his regular rate of pay for hours worked in excess of 40 per week in accordance with MCL 408.414a.

92. Accordingly, Plaintiff is entitled to recover unpaid wages owed, liquidated damages, costs and attorneys' fees, and other appropriate relief under the WOWA at an amount to be proven at trial. *See* MCL 408.419.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment as follows:

a. Declaring Defendants violated the FLSA and the WOWA;

b. Declaring Defendants' violations of the FLSA and the WOWA were willful;

c. Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff the full amount of damages and liquidated damages available by law;

d. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

e. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

f. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, by and through his attorneys, hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: September 22, 2020

Respectfully Submitted,

/s/ *Rod M. Johnston*
Kevin J. Stoops (P64371)
Rod M. Johnston (P80337)
**SOMMERS SCHWARTZ, P.C**.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Phone: (248) 355-0300
kstoops@sommerspc.com
rjohnston@sommerspc.com

*Attorneys for Plaintiff*